925 S.W.2d 486 (1996)
In the Interest of T.S., a minor child, Plaintiff.
JUVENILE OFFICER, Respondent,
v.
T.S. and S.S., Natural Parents, Appellants.
No. 68441.
Missouri Court of Appeals, Eastern District, Division Five.
July 9, 1996.
*487 John D. Harding, Limbaugh, Russell, Payne & Howard, Cape Girardeau, for appellant.
Chris N. Weiss, Lichtenegger, Payne, Weiss, Hahn & Fetterhoff, Jackson, for respondent.
AHRENS, Judge.
The natural father of T.S., a minor child, appeals from a judgment of the Circuit Court of Cape Girardeau County terminating his parental rights to T.S.[1] We reverse in part and reverse and remand in part.
Our review of this court-tried proceeding is under the oft-cited standard of Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976). We will affirm the judgment of termination unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless the trial court erroneously declared or applied the law. In the Interest of M.H. and N.H., 859 S.W.2d 888, 892 (Mo.App.1993). We consider the evidence and all reasonable inferences which may be drawn from it in the light most favorable to the judgment, and give due regard for the opportunity of the juvenile court to judge the credibility of witnesses. Id.
The evidence, viewed in this light, reveals the following: Father and mother are the biological parents of T.S., born on January 12, 1993. Mother is also the biological parent of T.W. On July 7, 1993, mother picked up father after work and then picked up the children. When they got home, father took a shower and started cooking supper in the kitchen while mother took care of the children in the living room. At some point, T.S. started crying. Mother called for father to bring a bottle, but father could not hear her. Mother shook T.S. in an effort to quiet him, but he began to cry louder. Mother then shook him again and slammed him into her arms thus causing his head to strike the corner of the couch which was made of wood covered with a small amount of padding. T.S. was hospitalized as a result of injuries sustained during this incident. Physicians at St. Louis Children's Hospital diagnosed him as suffering from head injuries including a skull fracture and a subdural hematoma. The medical report noted the injuries were "consistent with shaken baby syndrome." T.S. continues to suffer developmental problems which are consistent with the head injuries sustained. This incident is the only known occurrence of child abuse committed by mother. The marriage of mother and father was dissolved on January 3, 1995.
Pursuant to a hotline call, the St. Louis City Juvenile Court took emergency protective jurisdiction of T.S. Mother admitted to Missouri Division of Family Services (DFS) and police investigators that she caused the *488 injuries to T.S. On November 17, 1993, the Juvenile Court assumed jurisdiction over T.S., placed the legal custody of T.S. with DFS, and ordered mother and father to enter into a Court-approved written service agreement with DFS. Mother and father signed a detailed 180-day written service agreement with DFS and the Juvenile Court on January 25, 1994.
On December 9, 1993, mother pled guilty to a class A misdemeanor of endangering the welfare of a child in the second degree in violation of § 568.050[2]. The court sentenced her to a jail term of six months, but suspended execution of the sentence and placed mother on probation for two years.
On December 15, 1994, the juvenile office filed a petition to terminate parental rights of mother and father to T.S. On March 30, 1995, the trial court held a hearing on the petition and subsequently terminated the parental rights of mother and father on May 3, 1995 finding, inter alia, that there was clear, cogent and convincing evidence to terminate father's rights based on both § 211.447.2(2)(c) and § 211.447.2(3). This appeal followed.
The juvenile court may terminate parental rights only if it finds that the termination is in the best interests of the child and when it finds by clear, cogent and convincing evidence one or more of the statutory grounds for termination enumerated in § 211.447.2. Evidence is clear, cogent and convincing when it "instantly tilt[s] the scales in the affirmative when weighed against the evidence in opposition and the fact finder's mind is left with an abiding conviction that the evidence is true." In the Interest of M.H. and N.H., 859 S.W.2d 888, 892 (Mo. App.1993).
In his first point, father contends the trial court erred in basing the termination of father's parental rights on § 211.447.2(2)(c) which permits termination upon a finding that circumstances indicate "the parent knew or should have known that [a severe act or recurrent acts of physical, emotional or sexual abuse] were being committed toward the child." The trial court here found that "a severe act of physical abuse has been directed toward the minor child T.S. by [mother] under circumstances that indicate that [father] should have known that such acts were being committed toward the child." Father asserts that insufficient evidence was presented to support this finding. We agree.
There was no credible evidence which indicated father was involved in or even knew about the abuse of T.S. While mother testified at trial that T.S. was injured when father struck the child with his fist and that she had lied to DFS and police investigators and had pled guilty to the criminal charge of endangering the welfare of a child because father had threatened to kill her, the trial court specifically found that mother was not credible. The court found that, "in a fit of anger, [mother] shook the minor child and slammed his head against a wooden arm of a couch causing a skull fracture and subdural hematoma and disabling the minor child."
Respondent, the juvenile office, contends there was sufficient evidence on the record that father should have known that the abuse was being committed against T.S. because an "explosive situation" was created when both children started crying and mother yelled for a bottle of milk. They point to the testimony of father and Ms. Thurston, a DFS case manager. At trial, father testified that mother was "easily angered" and that her temper problem, which worsened when the children were sick or crying, would sometimes cause her to become "really irrational". But, according to father, her temper problem had never led to her striking the children. Ms. Thurston admitted that the instant shaking incident was a one-time act. However, she opined that mother's problem with anger management and control should have put father on notice of mother's potential for committing child abuse. She was also concerned whether father could provide the supervision required to care for a child with T.S.'s special needs.
After carefully reviewing the record, we feel that the evidence in this case, far from being clear and convincing, does not constitute substantial evidence justifying the termination *489 of father's parental rights under Section 211.447.2(2)(c). There was no credible evidence that father caused or knew about the acts which caused T.S.'s injuries. Furthermore, there was no prior conduct by mother which would have put father on notice that mother might physically harm the child. Therefore, the court's implied finding, that mother's temper should have alerted father to be concerned that mother might physically harm her children, was not supported by substantial evidence which meets the clear, cogent and convincing standard.
The juvenile office suggests that in reviewing the evidence, we should also take into account that father had consented to the termination of his parental rights and had expressed he felt that it was in his child's best interests to do so[3]. However, a court may reach the issue of the best interests of the children only after one or more of the statutory grounds for termination have been determined to exist. In the Interest of M.H., 859 S.W.2d at 896. The trial court erred in basing its judgment of termination of father's parental rights on Section 211.447.2(2)(c). Point granted.
In his third point[4], father asserts that the court erred in failing to consider and make findings required by subsections (a) through (d) of Section 211.447.2(3). The trial court found, "The child has been under the jurisdiction of the Juvenile Court for a period of one year and the Court finds that the conditions which led to the assumption of jurisdiction still persist." The juvenile officer concedes that the trial court erred by not making such findings. Two subsections are relevant here. Section 211.447.2(3)(a) relates to the "terms of a social service plan entered into by the parent and the division and the extent to which the parties have made progress in complying with those terms." Section 211.447.2(3)(b) deals with the "success or failure of the efforts of the juvenile officer, the division or other agency to aid the parent on a continuing basis in adjusting his circumstances or conduct to provide a proper home for the child." The court erroneously failed to make findings on these issues. Father's third point is granted. Therefore, we need not address father's second point which asserts that insufficient evidence was presented to support a judgment of termination based on § 211.447.2(3).
We reverse the judgment of termination of father's parental rights based on Section 211.447.2(2)(c). We reverse the judgment of termination based on Section 211.447.2(3) and remand the case to the trial court for it to enter findings and a judgment consistent with the requirements of that statute. See In Interest of K.M.B., 883 S.W.2d 123, 127 (Mo.App.1994).
CRANE, C.J., and BLACKMAR, J., concur.
NOTES
[1] Mother filed separate appeals, case number 68461, concerning the termination of mother's parental rights to another child, T.W. and case number 68462 involving the termination of mother's parental rights to T.S. Both cases were consolidated with Father's appeal. Mother has filed no brief in support of her appeals, and those appeals are dismissed as abandoned.
[2] Unless otherwise noted, all statutory references are to RSMo 1994.
[3] Father later revoked his consent.
[4] We review father's points out of order for the sake of expediency.